IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| PARAMOUNT PICTURES CORPORATION, a Delaware corp., et al., | ) ) ) ) | CIVIL NO. 05-00260 ACK-LEK |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| MONICA CARROLL, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**REPORT OF SPECIAL MASTER ON**
**<u>PLAINTIFF'S MOTION FOR AWARD OF FEES AND COSTS</u>**

Before the Court, pursuant to a designation by Senior United States District Judge Alan C. Kay, are Plaintiffs Paramount Pictures Corporation and Twentieth Century Fox Film Corporation's (collectively, "Plaintiffs") Motion for Attorneys' Fees and Costs ("Motion"), filed on November 15, 2005. Plaintiffs request $4,266.62 in attorneys' fees and $544.40 costs, for a total award of $4,811.02.[1] In accord with Rule LR7.2(d) of the Local Rules of Practice of the United States District Court of the District of Hawai'i ("Local Rules"), the Court finds this matter suitable for disposition without a

---

[1] The Court calculated this amount based on Plaintiffs' compilation of the hours expended and costs incurred by Plaintiffs' counsel. [Declaration of Karen R. Thorland ("Thorland Decl."), Exh. D.]  The Court finds the compilation to be more accurate than the Motion and counsel's declaration, which seek an award of $5,109.19, representing $4,540.69 in attorneys' fees and $568.50 in costs.  [Mem. in Supp. of Motion at 2; Declaration of Phillip A. Li ("Li Decl.") at ¶ 2.]

hearing.  After reviewing Plaintiffs' submission and the relevant case law, the Court FINDS and RECOMMENDS that Plaintiffs' Motion should be GRANTED IN PART and DENIED IN PART.  The Court recommends that the district court award Plaintiffs attorneys' fees in the amount of $3,967.08 and costs in the amount of $503.40, for a total award of $4,511.48.

## BACKGROUND

On April 13, 2005, Plaintiffs filed their complaint against Defendant Monica Carroll ("Defendant") for copying and distributing to others over the Internet unauthorized copies of Plaintiffs' copyrighted motion pictures, including the films *Without a Paddle* and *Garfield*.  [Complaint at 2, 4.]

Plaintiffs served Defendant with a copy of the summons and the complaint on April 18, 2005.  Because Defendant did not file an answer, Plaintiffs sent her a letter informing her that she would be subject to a default judgment if she did not respond.  After Defendant did not reply to the complaint or the letter, Plaintiffs obtained an entry of default on July 15, 2005.  On August 17, 2005, Plaintiffs filed their Motion for Default Judgment.

On October 7, 2005, this Court recommended in its Findings and Recommendation to Grant in Part and Deny in Part Plaintiffs' Motion for Default Judgment ("F&R") that the district court award Plaintiffs $4,000 in statutory damages, but deny

Plaintiffs' request for attorneys' fees without prejudice for failure to comply with Local Rule LR54.3. On November 3, 2005, the district court modified this Court's F&R to increase the statutory damages award to $6,000 and adopted the F&R in all other respects. Judgment was entered pursuant to the district court's order on November 3, 2005.

Plaintiffs filed the instant Motion on November 15, 2006, pursuant to 17 U.S.C. § 505 and Local Rule LR54.3. Plaintiffs seek an award of $4,266.62 in attorneys' fees, representing 21.9 hours of work at hourly rates ranging from $100 to $245, and $544.40 in costs. [Exh. D to Thorland Decl.]

Defendant did not file a response to the Motion.

### DISCUSSION

### I. Entitlement to Attorneys' Fees

Plaintiffs seek an award of fees pursuant to 17 U.S.C. § 505 of the Copyright Act, which states:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. Plaintiffs are the prevailing party as default judgment was entered in their favor on November 3, 2005.

Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set

3

forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See Fischer v. SJB–P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  Hensley, 461 U.S. at 433.  Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  See Fischer, 214 F.3d at 1119 (citation omitted).

> The factors the Ninth Circuit articulated in Kerr are:
>
> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70.  Factors one through five have been subsumed in the lodestar calculation.  See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996) (citations omitted). Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent may not be considered in

4

the lodestar calculation.  See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).  Once calculated, the "lodestar" is presumptively reasonable.  See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases) (citation omitted).

Plaintiffs request the following lodestar amount for work performed in connection with this case:

| ATTORNEY | HOURS | RATE[2] | LODESTAR |
|---|---|---|---|
| W. Allan Edmiston | 0.4 | $208.25 | $   83.30 |
| Kathryn Lee | 4.5 | $106.25 | $  478.13 |
| Alberto Munoz | 3.5 | $106.25 | $  371.88 |
| | Loeb & Loeb Total | | $  933.31 |
| Phillip A. Li | 12.5 | $245 | $ 3,062.50 |
| Laura D. Anderson | 0.5 | $175 | $   87.50 |
| Dell M. Nakamura | 0.5 | $100 | $   50.00 |
| | Torkildson Katz Subtotal | | $ 3,200.00 |
| | Total Hawai'i General Excise Tax @ 4.166 | | $  133.31 |

---

[2] Mr. Edmiston's customary rate of $245, and Ms. Lee and Mr. Munoz's regular rates of $125 were discounted by fifteen percent. [Thorland Decl. at ¶¶ 7-8.]

                    Torkildson Katz Total         $ 3,333.31

        GRAND TOTAL REQUESTED LODESTAR    <u>$ 4,266.62</u>

[Thorland Decl. at ¶¶ 7-8, Exh. D; Li Decl. at ¶¶ 5-7, Exh. 1.]

        Mr. Edmiston graduated from law school in 2003 and is an associate at Loeb & Loeb. Ms. Lee received her bachelor's degree in political science and history in 2004 and is a special paralegal with Loeb & Loeb. Mr. Munoz received his bachelor's degree in sociology in 2005 and is a special paralegal with Loeb & Loeb. Ms. Thorland states that, based on her experience, she believes the hourly rates are reasonable and commensurate with those charged for similar work done by similarly qualified attorneys and support staff in the Central District of California. [Thorland Decl. at ¶¶ 7-9.]

        Mr. Li is a shareholder and director with Torkildson, Katz, Fonseca, Moore & Hetherington ("Torkildson Katz") and was admitted to the Hawai`i State Bar in 1986. [Li Decl. at ¶¶ 1, 5.] Ms. Anderson is an associate with Torkildson Katz and was admitted to the Bar in 1999. Ms. Nakamura is a graduate of the University of Hawai`i at Manoa and has been a paralegal since 1985. Mr. Li states that, based on his experience, the hourly rates are reasonable and commensurate with those charged for work done by similarly qualified attorneys in the District of Hawai`i. [<u>Id.</u> at ¶¶ 6-8.]

    **A.**    **<u>Reasonable Hourly Rate</u>**

In determining what is a reasonable hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account. See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in the community. See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"). The court may apply rates from outside the forum if local counsel is unavailable, either because they are unwilling to take the case or because they lack the level of experience and expertise to do so. See Gates, 987 F.2d at 1405. It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services. See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

Although it is usually required that counsel submit additional evidence that the rate charged is reasonable, see id., this Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill and reputation.

Clearly, local counsel was willing and able to take the

case.  The Court must therefore reduce the fees for the Loeb & Loeb attorneys and support staff to be consistent with the prevailing rates in Hawai`i.  Based on this Court's knowledge of the prevailing rates in the community and the attorneys' submissions in this case, this Court finds that the requested hourly rates of $208.25 for Mr. Edmiston, $106.25 for Ms. Lee and Mr. Munoz, $175 for Ms. Anderson, and $100 for Ms. Nakamura are unreasonable.  The Court finds the following hourly rates reasonable: Mr. Edmiston – $130; Ms. Lee and Mr. Munoz – $75; Ms. Anderson – $160; and Mr. Nakamura – $80.  The Court finds the requested hourly rate for Mr. Li to be manifestly reasonable.

**B.   Reasonable Hours Spent**

Beyond establishing a reasonable hourly rate, a prevailing party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Hawai'i 1993) (citations omitted).  The court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987), cert. denied, 484 U.S. 927 (1987)).  This Court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed

8

to have been spent on the case." Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

Although the Court has reviewed Plaintiffs' time entries and finds the hours expended to be manifestly reasonable, the Court notes that Plaintiffs' attorneys employed quarter-hour billing increments.  Courts in other districts have reduced fee awards due to the attorneys' practice of rounding off entries to the nearest quarter hour.  See, e.g., Zucker v. Occidental Petroleum Corp., 968 F. Supp. 1396, 1403 (C.D. Cal. 1997); Miller v. Bowen, 639 F. Supp. 832, 836 (E.D.N.C. 1986).  Moreover, while such a billing practice may appear harmless on its face, over the course of litigation, it may result in unearned legal fees.  The Court declines to apply a percentage reduction in this case, but cautions Plaintiffs' attorneys that the use of quarter-hour billing increments in future fee requests will result in a percentage reduction.

### C.  **Total Lodestar Awarded**

Based on the foregoing, this Court finds that Plaintiffs have established the appropriateness of an award of attorneys' fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
| --- | --- | --- | --- |

| | | | |
|---|---|---|---|
| W. Allan Edmiston | 0.4 | $130 | $    52.00 |
| Kathryn Lee | 4.5 | $75 | $   337.50 |
| Alberto Munoz | 3.5 | $75 | $   262.50 |
| | Loeb & Loeb Total | | $   652.00 |
| | | | |
| Phillip A. Li | 12.5 | $245 | $ 3,062.50 |
| Laura D. Anderson | 0.5 | $160 | $    80.00 |
| Dell M. Nakamura | 0.5 | $80 | $    40.00 |
| | Torkildson Katz Subtotal | | $ 3,182.50 |
| Total Hawai'i General Excise Tax @ 4.166 | | | $   132.58 |
| | Torkildson Katz Total | | $ 3,315.08 |
| | GRAND TOTAL LODESTAR | | $ 3,967.08 |

Having considered the applicable Kerr factors, this Court finds it unnecessary to adjust the lodestar amount.

**III. Costs**

Plaintiffs request reimbursement for $544.40 in costs incurred by Torkildson Katz.  [Exh. D to Thorland Decl.] Plaintiffs' costs request consists of the following:

| | |
|---|---|
| Service & mileage – Civil Deputy Sandra Whang | $    41.00 |
| Postage & delivery – DHL Express to Loeb & Loeb | $    10.40 |
| USDC filing fee for Complaint | $   250.00 |
| USDC 2 certified copies | $    18.00 |
| Fee for application pro hac vice (Karen Thorland) | $   225.00 |
| Total Costs Requested | $   544.40 |

[<u>Id.</u>]

        This Court finds Plaintiffs' requested costs to be reasonable and necessarily incurred in prosecuting this action. The Court therefore recommends that the district court award Plaintiffs' costs in full.

## **CONCLUSION**

        In accordance with the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that Plaintiffs' Motion for Attorneys' Fees and Costs, filed on November 15, 2005, be GRANTED IN PART and DENIED IN PART and that the district court award Plaintiffs' attorneys' fees in the amount of $3,967.08 and costs in the amount of $544.40, for a total award of $4,511.48.

        IT IS SO FOUND AND RECOMMENDED.

        DATED AT HONOLULU, HAWAI`I, June 19, 2006.



          /s/ Leslie E. Kobayashi
          Leslie E. Kobayashi
          United States Magistrate Judge